No. 36,784

Mary Kogler, *Appellee*, v. Earl Kogler, *Appellant*.

(179 P. 2d 940)

JAMES P. COLEMAN, judge. Opinion filed May 3, 1947.

*Howard W. Harper*, of Junction City, argued the cause, and *Lee Hornbaker*, of Junction City, and *Ira C. Snyder*, of Manhattan, were with him on the briefs for the appellant.

*Matt Guilfoyle* and *John H. Lehman*, both of Abilene, submitted the case for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: The appeal here is from an order of the court overruling a motion to change the custody of children. The record discloses that plaintiff and defendant were married in June, 1933, and are the parents of two children, a son, Bruce, now about twelve years of age, and a daughter, Helen Marie, about a year younger. On April 17, 1943, plaintiff was granted a divorce from defendant and the decree of the court gave her the custody of the two children and required defendant to pay $40 per month for their support. Defendant did not appear and defend the divorce case nor complain of the decree issued therein. He has continued to make the monthly payments provided for in the decree for the support of the children and at times has made additional payments.

Defendant entered the armed service May 12, 1943, and was honorably discharged October 12, 1945. On May 18, 1946, he

married his present wife, Helen Kogler, who has two daughters, ages about seven and three, by a former marriage.

In June, 1946, plaintiff filed a motion for an order increasing the payments for child support. In August, 1946, defendant filed a motion asking the court to change the custody of the children from plaintiff to himself. On September 7, 1946, both motions were heard and denied. A number of witnesses testified at the hearing. In his motion to change the custody of the children defendant, among other things, alleged:

"Plaintiff is not a fit and proper person to be charged with and have the responsibility of their maintenance, care, control and custody."

In a written decision passing upon the motions the court recited the fact that the divorce had been granted to plaintiff and that she had been given the custody of the children, at which time no complaint was made of her fitness to have their custody, and said:

"She has had them since the 17th day of April, 1943. The testimony which has been introduced here has not in any way assailed her character. The testimony has not in any way assailed her fitness to have the custody of these children. Of course, there has been testimony of neglect on one side on one or two occasions. There has been testimony of, shall we say unseemly conduct, on the part of the father on one or two occasions, but there has been no testimony which assailed the character of either one of them, and particularly none which has assailed the character or the fitness of the mother."

The case is submitted here upon the abstract and brief of appellant only. Counsel who appeared for appellee at the hearing advises that she has no funds to pay for the preparation of a counter abstract and brief. However, the abstract prepared for appellant appears to be quite complete. We need make only a brief summary of the evidence offered. Plaintiff's mother died when she was less than a year old. She was reared in the home of her sister, Mrs. Herbert Felbush, and her husband. They own and operate a 400-acre farm about ten miles from town. It appears that after plaintiff and defendant were divorced she and the children lived for a time in an apartment in town, but had to give it up because she could not pay the rent. Mr. and Mrs. Felbush then bought a home in town for plaintiff and her children, where they have since resided. Plaintiff worked at such work as she could find to do—house work, at a mill, in a greenhouse, and more recently by doing sewing at her home. Plaintiff testified she could not maintain the children on what she earned and the amount defendant paid her. The children have

attended school. Their attendance records show some daily absence. Plaintiff testified they were never absent except for illness or when defendant kept Bruce out of school. Bruce spent the summer of 1946 with Mr. and Mrs. Felbush on their farm. He was much interested in the work and things about the farm and has learned to do some worthwhile things. For about two months prior to the hearing the daughter, Helen Marie, spent most of her time with defendant and his second wife. Plaintiff testified Helen Marie wanted to come home, but her father would not let her. Defendant testified that he and his present wife have a modern seven-room home, well located in town, not far from school; that he is employed by a milling company, earning 88½ cents per hour, working 48 hours per week, and that it costs him about $175 per month to support his family. Defendant's wife testified that she divorced her first husband and was given the custody of her two minor children, who live with her and the defendant; that her children get along well with Bruce and Helen Marie; that she sees to it that the children go to Sunday school every Sunday, and would continue to do so if Bruce and Helen Marie were living with her; that she would do all she could to merit their affection and to cultivate the children's love and respect for their mother and other relatives, and that they could live and manage on defendant's earnings. Counsel for appellant contends the trial court placed too much stress on the fact that plaintiff was granted a divorce for defendant's fault; that he made no contention at that time that she was an unfit person to have the custody of the children, and that the court did not give enough attention to what would be best for the children's welfare. We think the court properly gave consideration to the terms of the divorce decree, and perhaps also gave some consideration to the fact that defendant charged the mother of his children with being an unfit person to have their custody without presenting any proof of that to support such a serious charge; but we see nothing in the record to justify the complaint that the court did not give attention to what was to the best interests of the children. It appears to be true that appellant and his present wife are in position to furnish the children a better home to live in than the children have at the present, and we find no reason to discount the testimony of his present wife as to her ambitions and desires for the children. But those things are not conclusive. The defendant and his present wife have been married only a few months. It does not appear that

she had seen much of Bruce, since he had spent the summer on the farm. She might very well find having two sets of children in the home would present questions with which she has never had to deal. No doubt the summer on the farm was advantageous to Bruce, as, indeed, it would be to most any boy who was reared in a city. The evidence indicates these children are getting along very well with their mother. It is true they do not have all the advantages that great wealth would give, but that does not prevent the children from developing into healthy, useful citizens. Appellant contends the court should have given attention to the wishes of the children. At the request of defendant the court did inquire of each child whether it would prefer the custody of the father or the mother. Helen Marie expressed a preference for the custody of her father. Bruce declined to express a preference. It is a debatable matter as to whether questions of this kind should be presented to the children. There is no reason to say that the court did not consider the result of his examination of them, together with all of the other facts and circumstances shown.

It is the well-settled rule of law that whether the court changes the custody of children from one parent to another when they have been divorced rests in the sound judicial discretion of the trial court in view of all the facts and circumstances shown by the evidence. We are unable to say from this evidence that the court did not use that discretion. We would not be justified in setting aside the order of the court unless it was clearly shown that the court had abused its discretion. Certainly that cannot be said here. The trial court still has jurisdiction to entertain an application for the change of the custody of the children and has authority to do so if the facts should warrant it.

The judgment of the trial court is affirmed.

HOCH, J., not participating.