No. 36,875

ELDON C. HAWLEY, *Appellee,* v. NADA HAWLEY, *Appellant.*

(188 P. 2d 650)

Opinion filed January 24, 1948.

*Guy Lamer,* of Iola, argued the cause, and *Burney Dunham,* of Chanute, was with him on the briefs for the appellant.

*Kenneth H. Foust,* of Iola, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This appeal involves those portions of a judgment which pertain to a division of property, the support of a minor child, and the amount of an attorney's fee, rendered in an action for divorce.

The record discloses that plaintiff commenced an action for divorce on April 23, 1943, and that the defendant, on April 26, 1943, filed her answer and cross petition in which she sought a divorce. The action was not tried until October 7, 1946, and was not decided until December 30, 1946. So far as need be noticed the journal entry of judgment shows the trial court found that defendant should be divorced from plaintiff and that custody of a minor child born April 12, 1944, should be given defendant until further order of the court; that defendant should have judgment against plaintiff for $500, and that plaintiff should pay her $50 per month for support of the child, and the further sum of $100 for attorney's fees, and that the judgment of $500 should be a lien on any and all property owned by the plaintiff. The court rendered judgment accordingly, but provided that allowances for child support should continue "until further orders of the court" and that plaintiff should pay the costs. We note that the journal entry contains no findings of fact as to the amount of property owned by either party before

the marriage or during its continuance, nor is there any finding as to property at the time of the judgment or any judgment as to any ownership thereafter by either party.

The defendant's motion for a new trial was denied, and she has appealed to this court, her specifications of error being that the trial court erred in not granting her more than $500 in the division of property, that amount being grossly unfair and inequitable; in refusing to provide more than $50 per month for support of the child, and in refusing to provide a larger attorney's fee.

Before taking up these specifications we note that the evidence disclosed that plaintiff had been engaged in raising bees and producing honey; that at the time of their marriage plaintiff was about forty-four years of age and that defendant was about twenty-six years of age; that plaintiff had been previously married, his first wife having died in 1931, and that he had two children by his first marriage. Defendant had not, been previously married. No purpose will be served by detailing the evidence as to the property owned by each party prior to the marriage or what became of it, what was acquired during the marriage, and what was owned by either or both at the time of trial. Although some reference thereto is made later, it must suffice here to say that there was great conflict in the testimony. If the plaintiff's version was to be credited, it appeared that with the knowledge and consent of his prospective wife, and prior to their marriage, he conveyed to his children the most of his property for two asserted reasons—one that practically all he conveyed was originally the property of his first wife and in which they had an interest, and that conveyances to his son were of property bought with funds advanced by the son. If the defendant's version was to be credited, her husband owned real and personal property, the value of which she asserted was about $70,000. The defendant's contention that the trial court erred in granting her no more than $500 in the division of property and that that amount was grossly unfair and inadequate is based on her version of the testimony. For her purposes she reviews all the evidence leading up to a conclusion that at the time of the divorce her husband was the owner of real estate, the value of which was not fixed, three thousand stands of bees and plant equipment in connection with a bee-and-honey business, the total value being $70,000. If those were the facts we could well say the allowance made to the wife was unfair and inadequate. Cross-examination of the defendant developed, however, that the

only stands of bees she knew of, with the exception of a small amount, were in her own possession; that bees owned by her prior to the marriage were in her own possession as were an automobile in which she had an interest and household furnishings which she brought to the marriage. Plaintiff's evidence showed that he was declared bankrupt in 1930, and that all the property he had thereafter was some that he inherited from his wife, and of less amount than contended by the defendant; that his son had advanced him $2,000; that he had contracted to purchase the building used in the business, paying $1,000 down; that prior to the marriage, with the consent of the defendant, he had conveyed the property to his son and daughter and that his operations thereafter were performed for them, for whom he worked on a salary. Plaintiff testified that he owned twenty-seven colonies of bees which were at defendant's mother's place and that was all he had. The evidence presented a question of who was to be believed, and the trial court, which saw the witnesses, observed their demeanor and had full opportunity to weigh their testimony, resolved the conflict in favor of the plaintiff. Under the circumstances this court is in no position to say that the trial court abused its discretion in making a division of the property.

The defendant also contends that the trial court erred in failing to provide more than $50 per month for support of the child, custody of which was given to her. This contention seems to be based on the premise of the earning ability and financial condition of the plaintiff and that such ability and condition is as defendant contends it to be. Under the circumstances of the case, as viewed in the light of the judgment, it would appear that plaintiff was in poor financial condition. His testimony was that he had very little property and that he worked for his son and daughter for sixty cents an hour. It is observed that the order made is "until further orders of the court" and not inconsistent with the provisions of G. S. 1935, 60-1510. Under that statute, as well as under the trial court's order, the allowance made may be modified or changed whenever circumstances render such change proper. Under the record presented, it has not been made to appear the allowance made by the trial court was erroneous.

And finally, defendant contends the trial court erred in not allowing her more than $100 for attorney's fees. It appears that after the issues were joined, counsel for the parties endeavored to effect a

reconciliation between the parties, which was frustrated by act of the plaintiff; that in addition to time thus spent, two days were spent in the trial of the action, and it is said the allowance is entirely inadequate and should be increased to a point commensurate with the time and effort spent by counsel "and the financial ability of the appellee (plaintiff)." It may be observed that the statute (G. S. 1935, 60-1507) authorizes the trial court to require the husband, in a case like this, to pay the reasonable expenses of the wife in the prosecution or defense of the action, as may be just and proper considering the respective parties and the means and property of each. The amount of the allowance is in the trial court's discretion and may only be reversed on review where it is shown that the discretion is abused. It may be conceded that the allowance made is small, but when the financial situation of the plaintiff is remembered, it may hardly be said that the trial court did not consider the respective parties and the means and property of each. That the trial court abused its discretion does not appear.

The judgment of the trial court is affirmed.