No. 37,888

ALTA PRIER, formerly Alta Lancaster, *Appellee, v.* ELTON LANCASTER, *Appellant.*

(219 P. 2d 358)

Opinion filed June 10, 1950.

*Douglas Hudson, Howard Hudson,* and *Douglas G. Hudson,* all of Fort Scott, were on the briefs for the appellant.

*Harry C. Blaker,* of Pleasanton, was on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal from an order changing the custody of a child from his father to his mother.

On September 5, 1947, the wife, appellee in the instant case, was granted a divorce in the district court of Bourbon county by reason of the husband's, present appellant's, extreme cruelty. The father was awarded custody of their son, Larry Lancaster, then approximately four years of age, with the right of the mother to have the child during the summer months.

In June, 1948, appellee married Max Prier. The couple owns a comfortable suburban home in Wichita. Soon after her marriage and the establishment of the Wichita home appellee filed a motion for

modification of the custody order. The Honorable Harry W. Fisher, judge of the sixth judicial district in Bourbon county, disqualified himself to hear the motion and the Honorable L. M. Resler, judge of the thirty-eighth judicial district, was assigned to hear it. The motion was heard in September, 1948, and denied. Later appellee filed a second motion for the same purpose and also charged appellant with contempt for failure to pay the required child support. The motion was heard August 31, 1949, approximately eleven months after the last previous hearing, by the Honorable Ora D. McClellan, judge of the seventh judicial district, after Judge Fisher again disqualified himself.

Upon stipulation the child support past due had been paid in full the judge ruled appellant was not in contempt. He awarded the custody of the son, then seven years of age, to appellee, but granted appellant the right of reasonable visitation. Appellee waived any claim for future child support from appellant and the judge ordered he should not thereafter be liable for further payments, but the court retained jurisdiction to make any future order in that connection until the child reached majority.

The father appeals from the order changing custody of the child to the mother. Appellee contends appellant having filed no motion for a new trial is not entitled to be heard regarding alleged trial errors. This was not a trial but a hearing on a motion. It has been held a motion is not a pleading within the definition of our code, G. S. 1935, 60-703; that a hearing on a motion is not a trial and a motion for new trial is unnecessary to a review of alleged errors committed in a hearing on a motion. (*Achenbach v. Baker*, 157 Kan. 292, 295, 139 P. 2d 407, and cases therein cited.)

The basic question is whether conditions affecting the best interests of the child had changed sufficiently to justify a change in the custody of the child. The court found they had and ordered the change. Appellant argues two previous judges reached contrary decisions. Their orders were not based on the present record. Whether judges who conducted previous hearings on the subject would have adhered to their former orders under the newly developed facts, of course, cannot be the test. Nor can we speculate on what ruling either of them might have made on the basis of the new facts. The question is whether the judge who conducted the instant hearing committed reversible error.

It will add nothing new to the law on the subject of custody of

children to narrate in detail the evidence of the respective parties and their witnesses, neighbors and good friends of each. There was evidence trouble incident to transfers of possession of the child from appellant to appellee, as directed in the original order, had developed and was of a character to seriously disturb the mental composure of the child and had at least temporarily affected his health. There was other substantial evidence of changed conditions eleven months after the last previous order; the boy was apparently a sensitive child; he was fond of his father, mother and stepfather; he preferred to remain with his mother; the boy's father and stepfather were both good men and kind to him; the stepfather was fond of the boy, spent considerable time with him and was able to and was providing a good home for him and his mother.

The foregoing and some other more or less important facts constituted a substantial change in conditions from those existing at the prior hearings. Appellant argues the court should have received evidence of conditions existing prior to the former orders, including facts disclosed in the divorce trial, for the purpose primarily of showing appellee was not a fit person to have custody of the child. The court adopted the view those matters belong essentially to the past and that it was concerned with facts, if any, showing a change in conditions which pertained to the child's best present and future interests. Although the court with propriety might have admitted some part of the testimony appellant desired to introduce we are satisfied reversible error was not committed in its exclusion.

It is apparent Judge Fisher who granted appellee a divorce did not believe appellee's former conduct disclosed she was an unfit person to have custody of the child. Had he then thought she was an unfit person he manifestly would not have given her the custody of the child for a three month period each year. At the time the divorce was granted it seems to have been apparent appellee would be required to earn her own living and be compelled to leave the child largely in the care of others. The father, a railroad man, was able to leave the child with his mother. The change in appellee's circumstances, that is, in her proven ability to care and provide for the boy in her new home and to be with him daily, was substantial. In view of the record there can be no doubt appellant, a good man, was fond of the child and anxious to retain its custody.

The problems of child custody are often highly perplexing. It is seldom possible to make an order which will seem entirely fair to or satisfy both parents. The paramount issue in every hearing in-

volving the change of a child's custody of necessity cannot be the desires or wishes of either parent but must be whether circumstances and conditions have been so altered as to make a change in custody advisable in view of the best over-all interests of the child. Such a hearing requires the careful and conscientious consideration of all material factors in order that courts may exercise sound judicial discretion in the premises.

The question this court is obliged to determine on appeal is whether the court abused sound judicial discretion. This court does not reverse the ruling of district courts in such matters unless it clearly appears a court abused its discretion. (*Kogler v. Kogler*, 163 Kan. 62, 179 P. 2d 940.) The reason for this limited extent of our review is too obvious and has been too frequently stated to require reiteration.

We have given full consideration to the contentions of appellant's counsel in behalf of his client. Without in any way implying such contentions are entirely without merit we are persuaded the entire record will not permit us to say the court abused sound judicial discretion in ordering the change in custody. We deem it unnecessary to labor the opinion by a review and comparison of factual situations in other cases previously decided.

Appellant further argues the district court misconceived fundamental principles of law governing the custody of a child. The contention is prompted by a single statement the court made in the course of the hearing. The statement was:

". . . it has been my strong conviction that unless a mother is an unfit person to have the custody of a child of tender years, she should have it, unless she is not adequately able to care for it. Now, you can govern yourselves and the evidence from here on out."

Appellant argues this statement is evidence of the court's prejudice in favor of the mother, appellee. The statement of the court, standing alone, is too broad. The statement, however, did not constitute the court's only consideration in making the order. It also stated its present consideration was:

". . . whether or not the parties are fit and proper persons to have custody and control of the child *and the paramount question is what is for the best interest of the child at this time.* . . ." (Our italics.)

That was the issue. It was determined as seemed wise and just to the district court. We are not inclined to disturb the order. It is affirmed.