No. 38,210

WARREN G. DODD, *Appellee*, v. EDYTHE K. DODD, *Appellant*.

(229 P. 2d 761)

Opinion filed April 7, 1951.

*John B. Markham,* of Parsons, argued the cause, and *Elmer W. Columbia* and *Herman W. Smith, Jr.,* both of Parsons, were with him on the briefs for the appellant.

*Jack L. Goodrich,* of Parsons, argued the cause, and *L. E. Goodrich,* of Parsons, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is an appeal from an order modifying and changing the original child custody order made by the district court in a divorce action.

A brief review of the events leading up to the rendition of the order from which the appeal is taken is essential to a proper understanding of the issues involved.

On August 5, 1948, Warren G. Dodd and Edythe K. Dodd were husband and wife and the parents of one child, a son, named Warren Glenn Dodd, Jr., who was approximately eleven and one-half years of age. On that date, due to marital differences, the husband commenced an action against his wife in the district court of Labette county by filing a petition in which he asked for a divorce, division of property, and custody of the minor child. Sometime later the wife responded to the petition by filing an answer and cross-petition wherein she prayed for the same relief. Thereafter, issues having been joined, the case was tried by the district court which held the husband was entitled to a divorce for the fault of the wife, made a division of their property, and awarded the husband the custody of the minor child. Judgment was rendered accordingly.

Within less than three months from the date of the divorce decree the defendant filed a motion in the original action for a change in

the custody order. In that motion she asked that she be given custody of the child and that plaintiff be required to contribute to its support, maintenance, and education. Following a hearing on this motion, at which both parties adduced evidence the district court made a new custody order. Omitting references to the manner in which certain child support payments were to be made it reads:

"Now on this 3rd day of July, A. D. 1950, the court having had an opportunity to interview the minor child of the parties and having reviewed the file and record of proceedings had in this case and being now fully advised and informed in the premises finds that said motion should be sustained in part and overruled in part.

"THEREFORE, IT IS BY THE COURT CONSIDERED, ORDERED, ADJUDGED AND DECREED, That the former order of this court concerning the custody and support of the child, to-wit: Warren G. Dodd, Jr., be and the same is hereby modified as follows: That defendant herein be and she is hereby awarded the custody and control of said child during the months of June, July and August of each year hereafter; that during the period of time said child is in the custody of defendant, that plaintiff herein pay to the clerk of this court for the support, maintenance and care of said child the sum of Fifty Dollars ($50.00) per month. . . . that plaintiff herein be and he is hereby awarded the care, custody and control of said minor child of the parties during the months from September 1st to May 31st of each year hereafter until the further order of this court or the judge thereof; during the months in which plaintiff has custody of said child, said child shall remain with and be in the home of his parental grandparents, Mr. and Mrs. W. F. Dodd; that each of the parties hereto is hereby given the right of visitation with said child at any and all reasonable times, so long as they shall properly demean themselves, during the time said child is in the custody of the other party; that the former order of this court, dated the 2nd day of November, 1949, be and remain in full force and effect in all respects, except as herein modified; that plaintiff pay the costs of this proceeding."

The defendant, who was dissatisfied with the foregoing order, gave due notice of appeal and now insists it was error for the trial court to deny her full and complete custody of the minor child and award its custody to the plaintiff for nine months of each year with the requirement that during such period of time it should remain with and be in the home of its paternal grandparents.

It is the well settled law of this state that whether a trial court changes the custody of a child from one parent to another, when they have been divorced, is a matter resting in its sound judicial discretion and that its action with respect to changes of such character will not be disturbed on appellate review unless the record makes it clearly appear that discretion has been abused

(See *Prier v. Lancaster,* 169 Kan. 368, 219 P. 2d 358; *Kogler v. Kogler,* 163 Kan. 62, 179 P. 2d 940; *Travis v. Travis,* 163 Kan. 54, 180 P. 2d 310; *Hayn v. Hayn,* 162 Kan. 189, 175 P. 2d 127).

It will add nothing to the body of our law on the subject of custody of children and of a certainty will do the parties no kindness to point out and spread upon our records portions of the testimony on which they rely as supporting their respective positions regarding the propriety of the order made by the district court in the instant case. It suffices to say the record reveals that that tribunal, fully aware of its duty and obligation in a child custody proceeding (See *Prier v. Lancaster,* supra), after careful and conscientious consideration of all material factors of which it was bound to take cognizance, and under conditions and circumstances which did not compel it to reach a contrary conclusion, concluded that it was to the best interests of the child of the parties that its custody be in the mother during the summer months and with the father during the winter months, conditioned that while in the custody of the father it remain in the home of the paternal grandparents who, we pause to note, were living in a residence owned by the father and the home in which the child had been living with his parents prior to the divorce. In such a situation, particularly in view of the fact that less than three months before the same court, for reasons which were entirely justified, had concluded the mother was not entitled to custody of the boy at all, it cannot be said that refusal to give her application for his full and complete custody more favorable consideration resulted in abuse of discretion. Indeed, in the face of the record, we doubt if denial of the motion in its entirety would have required any such conclusion.

Apparently in anticipation of a conclusion that the factual situation disclosed by the record would not warrant a reversal of the trial court's action in refusing to make a complete change in its original custody order the appellant insists that the effect of the order as made was to give the custody of the child to the paternal grandparents as against the natural maternal parent and therefore results in abuse of discretion even though the facts warrant its decision the father was entitled to the child's custody during the period of time fixed by the terms of its order. In support of her position on this point appellant relies on two of our recent decisions, *Stout v. Stout,* 166 Kan. 459, 201 P. 2d 637 and *Ramey v. Ramey,* 170 Kan. 1, 223 P. 2d 695, holding that as between a natural parent

and grandparents the natural parent is entitled to the custody of his children where he is able to care for them, desires to do so, and has not been found to be an unfit person to have them. We have no quarrel with the rule announced in the foregoing decisions. The trouble, from appellant's standpoint, is that such rule applies only to cases where the sole issue before the trial court is whether the parents or the grandparents are entitled to custody of minor children and has no application to a case where both parents are contending for their custody. We have never held that a father whose home has been broken up and who is otherwise entitled to custody of his child can be deprived of that custody simply because the exigencies of making a living compel him to keep it in the home of his parents or that a trial court abuses its discretion when—as here—it requires him to keep it there so long as such court deems it to be to the best interest of the child that that be done.

The judgment is affirmed.