No. 39,357

RUTH E. PEARSON, *Plaintiff-Appellee,* v. FRANCIS M. PEARSON, *Defendant-Appellant.*

(270 P. 2d 205)

Opinion filed May 8, 1954.

*Ferd E. Evans, Jr.,* of Wichita, argued the cause and *Charles B. Hudson, Lester L. Morris, Verne M. Laing* and *Ralph R. Brock,* all of Wichita, were with him on the briefs for the appellant.

*John W. Sowers,* of Wichita, argued the cause and *Clarence R. Sowers,* of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an appeal from an order of the trial court modifying a child custody judgment by awarding the custody of three children to the plaintiff mother when the original judgment had awarded custody of these three children and three others to the defendant father.

The divorce decree was entered on October 12, 1949. The action

was by the wife against the husband. The decree found the allegations of the petition to be true and awarded the wife the divorce. The decree stated that by reason of the "present illness" of the wife the custody of the six children was awarded to the husband, with the right to visit at reasonable times to the mother.

The motion for a change alleged the father was not a fit person to have custody because he had violated the order of the court by using his influence to try to teach the children to hate their mother, had refused to allow them to wear clothing or to accept gifts she had given them, had threatened to kill them if custody was changed, had refused to let her visit with them, had had various women come in to care for them.

The court modified the original judgment by awarding the custody of the twins, aged seven, and a little girl aged five to the mother. This order was made on June 16, 1953. On June 18, 1953, the husband filed his motion for a new trial. In this motion he stated his grounds to be: abuse of discretion of the trial court in finding from the evidence offered by the plaintiff that conditions had changed since the original hearing; because of erroneous rulings of the district court; because of the trial court's ruling that testimony on behalf of the defendant relative to the care the children were receiving was not necessary, for the reason the plaintiff had not questioned the manner and welfare of the children or contested in any way the manner in which they were being reared by defendant; because the trial court did not require medical testimony relative to changed conditions; because the trial court at the conclusion of plaintiff's testimony overruled the motion of defendant to deny the plaintiff any relief; because the trial court abused its discretion by rendering the decision, by not requiring evidence to be introduced as to the best interest of the children.

This motion was overruled on August 31, 1953. The notice of appeal was filed on October 13, 1953, and was from the order of June 16, 1953, changing custody, and from the order of August 31, 1953, overruling the motion for a new trial.

The specifications of error are that the trial court erred in overruling defendant's demurrer to plaintiff's evidence; in refusing to hear medical evidence as to plaintiff's psychiatric condition; in grounding solely upon the testimony of laymen a finding that plaintiff's psychiatric condition had changed; in making a finding of changed medical circumstances without any competent evidence

to support it; in changing the custody of the three younger children from the defendant to plaintiff in view of the court's own statement —that defendant was not shown to be an incompetent or improper custodian; in changing the custody of the three children from the defendant to the plaintiff without hearing any competent evidence of changed circumstances since the original custody order; and in overruling defendant's motion for a new trial.

These specifications will require an examination of the evidence on the motion for change of custody. It will be remembered the original journal entry stated that on account of the present illness of the plaintiff, the custody of the six children would be awarded to the defendant even though the plaintiff was being given a divorce. At the hearing on the motion for change of custody the plaintiff testified that she lived at Shawnee, Oklahoma, in a three-bedroom house; that she had had difficulty in being able to visit her children and on occasions had not been permitted to see them. Her counsel in his opening statement stated that at the time she obtained the divorce she was ill and under a psychiatrist's care and was about to have a nervous breakdown. In her testimony she testified that she at that time was ill and she had recovered from that illness. On redirect examination she testified that she had just gotten out of the hospital when she obtained her divorce; that she had been in the hospital for a nervous breakdown; that in answer to a question she testified she would like to have custody of all the children but especially the three younger ones; she has now remarried. Her present husband testified that he was willing to assume the responsibilities of the children and their home was harmonious.

At this point plaintiff rested.

The defendant demurred to her evidence on the ground that there had been no evidence of any change in circumstances sufficient to warrant the court in changing the custody. This demurrer and motion for judgment were overruled.

The defendant then testified that prior to the divorce his wife had been in the hospital for 106 days. There then ensued a colloquy between the court and counsel as to whether defendant should introduce evidence on the question of how he was caring for the children. The court remarked there had been no complaint as to that. He testified that four of the housekeepers he had had were in the courtroom. After an argument of counsel the trial judge stated that he would like to have plaintiff testify again as to whether she was still under a doctor's care. She was put on the stand again

and said she had been under a doctor's care in Wichita for a little over a year after the divorce and that Doctor Adams took care of her and he finally discharged her. She testified she had not seen him for three years.

In response to a question as to whether she felt she was cured she said:

"Oh, yes I wouldn't have asked for the children if I hadn't thought I was."

Her husband testified when he first knew her she was nervous but was getting along fine and he would say she was cured.

At this point the trial judge stated he was convinced that plaintiff had shown a change of circumstances and was not the same person she was at the time the divorce was granted. Counsel for the defendant asked if medical testimony should not be presented. The court replied in the negative. The court found that circumstances had changed since the divorce was granted and since custody was awarded to the father and the custody of the three younger children would be changed from the defendant to the plaintiff. This order was made on June 16, 1953. On June 18, 1953, defendant filed the motion for a new trial, which has been detailed heretofore in this opinion.

At the hearing on the motion for a new trial the defendant introduced a psychiatrist who had taken care of plaintiff in 1948. He testified that his diagnosis of her condition was paranoiac schizophrenia; that when he examined her she was not in his opinion qualified to assume custody of small children; that in his opinion it was unlikely that she could have by the time of the hearing achieved a mental condition qualifying her to assume the custody of small children; that in his opinion laymen were not qualified to diagnose psychiatric illnesses.

On cross-examination he testified that the last time he had seen plaintiff was in April, 1949. He stated the illness was one where the patient became confused and disoriented, oftentimes having delusions or imaginary thoughts and was quite suspicious and felt they had been done an injustice. He said they sometimes recover with treatment and management.

At the end of this testimony there was a colloquy between the court and counsel on both sides. The trial court asked counsel for plaintiff if she would submit to an examination by two psychiatrists, one of her choosing and one of the defendant's choosing. The plaintiff demurred somewhat to this. Several psychiatrists' names

were suggested and she evinced somewhat a reluctance to be examined by a psychiatrist. She said "I was in the hospital a long time—I will admit—I am not stupid." When she was asked what she thought of Doctor Poling she said "No, not Doctor Poling."

The motion for a new trial was overruled. Hence this appeal.

The specifications of error have already been set out in this opinion.

Defendant argues first the trial court erred in overruling his demurrer to plaintiff's evidence. His first point on this is that non-experts are not competent to testify as to the existence or non-existence of psychiatric diseases. He argues this as though this record showed that there had been evidence and a finding in the original divorce action that plaintiff was suffering at that time from some psychiatric disease. The record is silent on this except for the trial court's observation that on account of the plaintiff's "present illness . . . she is unable to look after . . . the children at the present time, and that the care and custody of said children should be granted unto the defendant" and the statement of her counsel and her testimony on this hearing that at such time she was suffering from a nervous breakdown. This does not warrant an assumption that plaintiff had the burden of proving that she had recovered from a psychiatric disease. She did testify that after her divorce she had been under the care of a psychiatrist for a year and he had discharged her. The trial court was warranted in assuming from this that she had been discharged as cured. Defendant argues the testimony of the psychiatrist offered at the motion for a new trial should be considered as though it had been offered at the trial of the motion for a change of custody. No formal offer of such evidence was made at the trial. Counsel only casually asked the trial judge if he thought there should be any medical testimony. Should the trial court have treated this evidence as though it had been offered on the hearing of the motion which he had authority to do? (See G. S. 1949, 60-3005.) Still such evidence would not have required the modification of the order changing the custody. The psychiatrist who took the stand testified as to his opinion that plaintiff had been afflicted four years before with paranoiac schizophrenia. The court was not required to find this opinion was a correct one. Furthermore, the court was entitled to consider that this diagnosis had been made upon observation three years before and other doctors had treated her since and one of them had discharged her according to her evidence. We

do not have a case here where the plaintiff had been adjudged to be afflicted with paranoiac schizophrenia. Obviously the defendant's position is this—if a psychiatrist testifies that a patient at some time or another was afflicted with a psychiatric disease then there could never be an adjudication that she is not so afflicted without the testimony of another psychiatrist. This is not the law. A psychiatrist's evidence stands on the same footing as that of any other witness. Here the court saw the plaintiff and had a chance to observe her and her general demeanor and whether or not she was nervous, which seems to have been her only trouble at all times, and there was substantial evidence upon which the court could base this decision that her mental and nervous condition had changed so that she would be able to care for her three younger children.

Next in connection with defendant's argument that his demurrer should have been sustained, he argues that once a divorced parent has by valid adjudication been granted the custody of minor children, that custody may not thereafter be changed to the other parent without a finding that the original custodian is no longer a fit and proper person to have custody. That is not the law and the defendant has not been able to give us any authority to the effect it is the law. (See *Prier v. Lancaster,* 169 Kan. 368, 219 P. 2d 358 and *Kogler v. Kogler,* 163 Kan. 62, 179 P. 2d 940.)

The welfare of the children is always the paramount question. It is a reasonable inference to be drawn from the original custody order in this case that the custody was being given the defendant then only because of the nervous condition of the plaintiff. It would indeed be strange for a court to hold that a mother, who had regained her health and now had a comfortable home ready for the children and a husband who was willing to provide for them, as the plaintiff's present husband is, could not have the custody of these three younger children simply because the court had once held that the father was a fit and proper person. Quite often it happens that both the parents are fit and proper persons but for some reason or another one parent is not financially able and for some other reason not able to give the younger children the care they should have. The trial court was warranted in finding that these seven-year-old twins and the five-year-old girl would be better off with their mother, than with the father, who is compelled to hire housekeepers to care for them.

An order changing the custody of the children will not be disturbed unless the record shows that the trial court has abused its

discretion. There is no evidence in this record that such an abuse of discretion has occurred.

We have not overlooked appellee's motion to dismiss the appeal but have concluded to consider the appeal on its merits.

The judgment of the trial court is affirmed.