ERNEST H. MAY v. DAISY B. A. MAY.

No. 14,058.   (80 Pac. 567.)

SYLLABUS BY THE COURT.

1. DIVORCE—*Pregnancy before Marriage.*   Where the plaintiff in a divorce proceeding produces satisfactory proof that his wife was pregnant by another at the time of marriage, and that he was ignorant of her unchastity and of her condition until about the time the suit was begun, he is entitled to a divorce.

2. EVIDENCE—*Admissions of Spouse.*   Admissions made by the wife to the husband of incontinency and fraud may be given in evidence by him, but they should be cautiously received and carefully weighed, and ordinarily they will be deemed insufficient of themselves to establish a ground of divorce.

3. PRACTICE, DISTRICT COURT—*Discretion to Weigh Evidence.* Although the testimony of the plaintiff is not directly contradicted, the trial court is not bound to accept his statements as true if his appearance and manner at the trial lead the court to doubt his good faith, or if there be other discrediting circumstances which develop during the trial.

Error from Douglas district court; CHARLES A. SMART, judge.   Opinion filed April 8, 1905.   Affirmed.

*Casebier & Worswick,* and *Fletcher Phillips,* for plaintiff in error.

*Bishop & Mitchell,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.:   Ernest H. May brought this action to obtain a divorce from his wife, Daisy B. A. May, on the ground that at the time of their marriage she was pregnant by another than her husband.   She filed no pleading, and gave no testimony.   After hearing the testimony offered in behalf of the plaintiff, which was mainly that given by himself, the court refused to grant the divorce.

The evidence showed that a child was born seven months after the marriage, and that it appeared to

be fully developed. The plaintiff testified that at the time of confinement his wife admitted that she was pregnant when they were married, and that he was not the father of the child to which she had given birth, but that she did not disclose the identity of the father of the child. He also stated that she voluntarily left his home and went to her parents' home as soon as she recovered her strength. There was no other testimony of her admissions except that given by the plaintiff, and no corroboration as to pregnancy by a stranger or otherwise, except that the child appeared to have been born after the full period of gestation.

If the plaintiff had clearly proved that the defendant was with child by a stranger when she was married to him, and that he was ignorant of her unchastity and her condition at the time of marriage, he would be entitled to a divorce. To obtain it, however, it is necessary that there should be clear, satisfactory and convincing proof of her incontinence and fraud. It was said in argument that the trial court thought there was sufficient testimony to warrant a divorce, if that given by the plaintiff was competent, but that it regarded his testimony as to his wife's admissions to be incompetent. He was a competent witness, and his testimony as to her admissions was admissible (Laws 1903, ch. 387; Gen. Stat. 1901, §5145; *Burke v. Burke,* 44 Kan. 307, 24 Pac. 466, 21 Am. St. Rep. 283) ; but there is nothing in the record to show that the court held a contrary opinion. The rulings presented for review must find expression in the record itself. The history of the case brought up in the record opposes the claim of plaintiff, as he was allowed to testify, his testimony was received, and there is nothing indicating that it was subsequently stricken out or excluded from consideration. The only question we have, then, is, Did the court err in denying the divorce upon the testimony offered?

While the testimony in the transcript, if credible

and satisfactory, would have justified a divorce, it evidently did not convince or satisfy the trial court. There may have been something in the appearance and manner of the plaintiff or in the circumstances of the trial that led the court to doubt the good faith of the plaintiff and the truth of his statements. The claim for divorce rested almost entirely upon his own testimony, and the court was not bound to believe him if there were discrediting circumstances, nor to grant a divorce where the evidence was not convincing and satisfactory.

Admissions of misconduct, such as fornication and concealment of pregnancy by another at the time of marriage, are cautiously received by courts, especially where the only testimony of such admissions is given by the complaining spouse. The same hesitation and caution are manifest in our statutes relating to divorce. For instance, in the section making the husband and wife competent witnesses it is provided "that nothing in this act shall be construed as authorizing the granting of a decree of divorce upon the uncorroborated testimony of either husband or wife, or of both of them." (Laws 1903, ch. 387, §1.) The provision with reference to the competency of admissions is as follows:

"Upon the trial of an action for a divorce or for alimony, the court may admit proof of the admissions of the parties to be received in evidence, carefully excluding such as shall appear to have been obtained by connivance, fraud, coercion, or other improper means." (Gen. Stat. 1901, §5145.)

The danger that admissions may have been extorted or collusively given to furnish a basis for a divorce admonishes courts to scrutinize the circumstances under which they were given, and to weigh them with great caution. Where they purport to have been made to the husband alone, and are related only

by him, they are ordinarily insufficient of themselves to support a divorce.

The only corroborative evidence in aid of that given by plaintiff was that the birth of the child was apparently not premature. We must assume under the circumstances that the testimony did not convince the judgment, nor satisfy the conscience, of the court, and hence we cannot say that its denial of a divorce was error.

The judgment is affirmed.

All the Justices concurring.