No. 29,742.

GEORGE FRYE, *Appellee*, v. FRANCES FRYE, *Appellant*.

(4 P. 2d 415.)

Opinion filed November 7, 1931.

*N. J. Wollard,* of Kansas City, and *Edgar C. Bennett,* of Marysville, for the appellant.

*R. L. Helvering* and *Raymond E. Smith,* both of Marysville, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal by Frances Frye, from a judgment granting her husband, George Frye, a divorce based on the ground that she had been guilty of gross neglect of duty. No other ground of divorce was alleged by him. He introduced evidence in support of his allegation and at the close of the testimony the defendant claimed there was an insufficiency of proof to establish the ground charged and filed a demurrer to plaintiff's evidence, which

was overruled. Defendant introduced no evidence, but stood upon her demurrer, whereupon the court entered judgment for plaintiff.

The defendant's main contention is that while plaintiff himself gave testimony of some defaults on the part of the wife, they did not constitute gross neglect of duty, but the ground relied on for reversal was that plaintiff's testimony, which was the only testimony touching the ground for divorce, had not been corroborated, as it must be to warrant the granting of a divorce in such a situation. Defendant plaintiff alone. Testimony as to the character and reputation of the testimony, which provides:

"In all actions for divorce or alimony, or for both divorce and alimony, hereafter to be tried, the parties thereto, or either of them, shall be competent to testify upon all material matters involved in the controversy to the same extent as other witnesses might do: *Provided, however,* That nothing in this act shall be construed as authorizing the granting of a decree of divorce upon the uncorroborated testimony of either husband or wife, or both of them." (R. S. 60-1509.)

As stated, there was no testimony produced as to the alleged delinquencies of the defendant, except that given by the plaintiff. He did introduce six other witnesses who testified only as to the reputation and standing in the community of the plaintiff. They stated that his character and reputation were good, that he was regarded to be an honest, industrious, truthful and peaceable man, but none of them testified as to any defaults of the defendant. So there was no corroboration of the plaintiff's testimony as to the neglect of the wife of marital duties. This cannot be regarded as a compliance with the statute barring the granting of a divorce upon the uncorroborated testimony of the husband or wife. Even if the testimony of the complaining spouse had been supported by that of the defending spouse, it would not have warranted the granting of a divorce, as the statute provides that a divorce cannot be granted upon the uncorroborated testimony of both of the parties. There is not and cannot well be a doubt of the power of the state to intervene and prescribe the rule requiring corroboration. The state is interested in the marriage relation and the fostering, protecting and permanency of it as an institution of society. The state is interested in preventing the disruption of the marital relation upon petty or unimportant causes or for any reason other than those prescribed by the legislature as grounds for the dissolution of the relation. The state is also interested in preventing the rupture of the relation by the collusion,

connivance or fraud of the parties themselves in procuring a judgment of divorce. To this end it has been enacted that the unsupported testimony of one or both of the parties will not justify the granting of a divorce. The matter in issue in this case was whether the delinquency of the defendant set up in the petition had been established. That fact could not be shown by the testimony of the plaintiff alone. Testimony as to the character and reputation of the plaintiff did not corroborate the testimony given by him as to the defaults of his wife. The corroboration required by the statute is, of the delinquencies of the spouse from whom a divorce is sought. The statute was enacted for a good and valid purpose and there being no corroboration it follows that the granting of a divorce was erroneous, and hence there must be a reversal of the judgment. It is therefore set aside with the direction to sustain the defendant's demurrer to plaintiff's evidence.