No. 37,686

HOBART V. THOMPSON, *Appellee*, v. PEARL J. THOMPSON, *Appellant*.

(213 P. 2d 641)

Opinion filed January 28, 1950.

*J. D. Conderman,* of Iola, argued the cause, and was on the briefs for the appellant.

*Kenneth H. Foust,* of Iola, argued the cause and *John O. Foust,* of Iola, was with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for divorce filed by the husband. The divorce was granted the defendant on her cross petition. As a part of that judgment property rights were adjudged. The defendant has appealed from that portion of the judgment settling the property rights.

The petition alleged that the parties owned approximately $15,000 in stocks and bonds, which they had accumulated through their joint efforts, and that it was in the possession of the defendant and was being managed by her. It referred to five pieces of real property, one being what is known as the Gas City property, at an alleged value of $5,000; one house and lot at a value of $2,500; another house and lot of the value of $1,000; one house and lot at the value of $1,500; and two vacant lots at the value of $1,000; that plaintiff and defendant had been separated and living apart for five years and defendant had been guilty of abandonment and gross neglect of duty for more than a year.

The prayer was for a divorce and the determination of property rights and other relief.

The defendant admitted ownership of stocks and household furniture but denied that they were worth $5,000; admitted ownership of the real estate but denied the values placed on it by the plaintiff; alleged the property was acquired by her from moneys earned by her or inherited by her; and denied it was acquired by the joint efforts of the parties. All other allegations were denied.

For a cross petition she alleged they owned certain stocks, an automobile and set out the same parcels of real estate that had been referred to in the plaintiff's petition and alleged that this property had been acquired by money earned or inherited by her; that the plaintiff had been guilty of extreme cruelty and gross neglect of duty and abandonment for more than a year; alleged that she was physically ill and unable to work; that her medical expenses had been high; that she received no support from plaintiff for more than a year and had no money to hire counsel. Her prayer was that the divorce asked for by plaintiff be denied and that she be granted separate maintenance from the plaintiff and for reasonable attorney fees.

The court found the issues in favor of the defendant and against the plaintiff and that the plaintiff had been guilty of gross neglect of duty and abandonment for more than one year and that judg-

ment should be rendered granting defendant a divorce from the plaintiff. It should be stated here parenthetically that while the defendant was on the stand she testified that she wanted a divorce rather than separate maintenance.

' As to the property, the trial court set aside to defendant the Gas City property, and all household goods belonging to the litigants. The court also gave her all stocks, bonds, and securities owned by them, also the Ford car. There had been some evidence about money defendant had inherited from her father's estate. The court found this was included in the property decreed to the defendant. The court gave the other four pieces of real estate to the plaintiff as his sole and separate property, also his clothing and personal effects. The plaintiff was ordered to pay the costs of the action.

' The defendant's prayer for attorney fees was denied and the defendant was divorced from her husband.

' The defendant filed a motion for a new trial on nine grounds. It will not be necessary to set them out here except that the ninth ground was error in failing to allow attorney fees to defendant's attorney. This motion was overruled—hence this appeal.

' The defendant argues here the question involved is whether she was entitled to an allowance of alimony and whether she was entitled to an allowance of attoney fees and was the judgment decreeing the property rights inconsistent with the law and facts and inequitable.

' Defendant refers to G. S. 1947 Supp., 60-1511. That section provides, in part, as follows:

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall be restored to her maiden or former name if she so desires, and also to all the property, lands, tenements, hereditaments owned by her before her marriage or acquired by her in her own right after such marriage, and not previously disposed of, and shall be allowed such alimony as the court shall think reasonable, having due regard to the property which came to him by marriage and the value of his real and personal estate at the time of said divorce; which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or in installments, as the court may deem just and equitable. If the divorce shall be granted by reason of the fault or aggression of the wife, the court shall order restoration to her of the whole of her property, lands, tenements and hereditaments owned by her before, or by her separately acquired after such marriage, and not previously disposed of, and also the court may award the wife such share of her husband's real and personal property, or both, as to the court may appear just and reasonable; and she shall be barred of all right in all the remaining lands of which her

husband may at any time have been seized. And to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof."

It is argued that when the trial court here found the issues in favor of the defendant and against the plaintiff the court was required to allow reasonable alimony. As a matter of fact, the real question is whether the property division made was equitable. The question of the division of property between spouses who have found it necessary to get a divorce is one of wide discretion. In *Rumsey v. Rumsey,* 150 Kan. 49, 90 P. 2d 1093, we held:

"The trial court has a wide discretion in the allowance of alimony and attorney fees, and its exercise of that discretion, unless clearly abused, will not be disturbed on appeal."

See, also, *Metcalf v. Metcalf,* 132 Kan. 535, 296 Pac. 353; also, *Hendricks v. Hendricks,* 136 Kan. 69, 12 P. 2d 804.

In this action the plaintiff and defendant both testified. They seemed to have lived a frugal life and to have accumulated considerable property. We have read the abstract carefully and are unable to reach an exact conclusion as to the financial condition of the parties. There is a conflict of evidence as to the value of the real estate. However, the parcel all of the parties, even the defendant, considered the most valuable, that is, the Gas City house and lot, was awarded to the defendant. She, herself, testified she was the owner of twenty shares of Ford Motors Limited; twenty shares of Radio Corporation of America; two shares of American Central Company; twenty shares of Commercial Solvent Company; twenty shares of American United States Steel Corporation; five shares of Alexander Industries; ten shares of Safeway Stores, Inc.; eleven shares of Electric Bond and Share Company; ten shares of American Eagle Lincoln Aircraft; ten shares of Electrical Power and Light Company; ten shares of General Electric Company; twenty-five shares of Monarch Lead Company; three shares of Cities Service Stock; one share of Paramount Pictures, Inc.; eight shares of International Combustion Engineering Company; one share of common and one preferred of the 20th Century Fox Pictures; twenty shares of Bock Aircraft and some Kiner Airplane stock. She testified these

had been worth $1,500. It is common knowledge that the stocks noted had a value in excess of that testified to by the defendant.

The court heard the evidence and saw the witnesses on the stand. There was wide disparity in the testimony as to the values of the various pieces of real estate by each party and by one other witness. The trial court had some idea about these values. We cannot say what value the trial court placed on these properties or that it abused its discretion in making the settlement.

Defendant argues the trial court erred in not allowing her attorney a fee for services in the district court. The question of allowance of attorney fees is governed by G. S. 1935, 60-1507. It provides, as follows:

". . . and may make such order relative to the expenses of the suit as will insure to the wife an efficient preparation of her case; and on granting a divorce in favor of the wife or refusing of the application of her husband, the court may require the husband to pay such reasonable expenses of the wife in the prosecution or defense of the action as may be just and proper, considering the respective parties and the means and property of each. . . ."

In *Rumsey v. Rumsey,* supra; *Deeds v. Deeds,* 108 Kan. 770, 176 Pac. 1109; and *Hipple v. Hipple,* 128 Kan. 406, 278 Pac. 33, we held that the court was allowed wide discretion in allowance of attorney fees. Unless there was an abuse of discretion it will not be disturbed on appeal. No doubt the court here took the fee into account when making the property division that it did make.

The judgment of the trial court is affirmed.