No. 38,994

WINNIFRED THORNBRUGH, *Appellant,* v. CHESTER T. THORNBRUGH, *Appellee.*

(259 P. 2d 219)

Opinion filed July 6, 1953.

*Pat Warnick,* of Wichita, and *Walter F. McGinnis,* of El Dorado, argued the cause, and *Henry E. Martz* and *Alan Phares,* both of Wichita, were with them on the briefs for the appellant.

*Robert E. Souders,* of Wichita, argued the cause, and *Clyde E. Souders* and *Otto R. Souders,* both of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: Winnifred Thornbrugh appeals from a judgment rendered in an action for divorce in which she was plaintiff.

In her petition filed May 2, 1952, plaintiff alleged the necessary jurisdictional facts and that she and the defendant were married June 24, 1943; that two children of the age of five and three, when the petition was filed, were born to them; that May 29, 1950, she and the defendant were divorced; that thereafter on September 7, 1951, they were remarried; that she was a fit and proper person to have the care and custody of the minor children and the same should be awarded to her; that defendant had been guilty of extreme cruelty and gross neglect of duty toward her; that the parties had accumulated some household furniture (later shown by the evidence to consist of a gas stove, bedroom suite and a small refrigerator) and a 1941 automobile; that she should be awarded the household furniture, which was encumbered and that defendant should retire the encumbrance; and she prayed for a divorce and other relief.

The defendant filed an answer consisting of a general denial and a cross petition stating facts quite like those in the petition, and alleging that defendant was a fit and proper person to have the care, custody and control of the children and that plaintiff was an unfit person to have such care, custody and control; that plaintiff had been guilty of extreme cruelty and gross neglect of duty toward defendant, and that he should be awarded possession of the household furniture, which was encumbered; and he prayed for a divorce and other relief.

A trial was had, at the conclusion of which the trial court found that defendant was entitled to a divorce from plaintiff; that he was entitled to the household furniture and automobile; that plaintiff was an unfit person to have the care, custody and control of the children and that defendant was a fit and proper person to have such care, custody and control, and it entered judgment accordingly. In due time the plaintiff gave notice of intention to and did appeal to this court, specifying error in the matters later discussed.

We first notice appellant's contention that the trial court erred in granting the divorce to appellee and in refusing to grant it to her. Her argument is that the testimony of appellee was not sufficiently corroborated by other testimony. She directs our attention to and quotes from *Frye v. Frye*, 134 Kan. 3, 4 P. 2d 415; *Walton v. Walton*, 166 Kan. 391, 202 P. 2d 197; and *Tuley v. Tuley*, 168 Kan. 106, 211 P. 2d 95, in each of which it is held that a divorce cannot be granted upon the uncorroborated testimony of one of the parties. Such is the command of the statute. See G. S. 1949, 60-1509. No

purpose can possibly be served by detailing the evidence as to the appellant's defaults and neglects, insofar as her marital duties were concerned. While it is true that appellant denied any short-comings on her part and introduced evidence of other witnesses to bear her out, the appellee's evidence to the contrary, and that of other witnesses in support, warranted the trial court's finding that appellant was at fault. It cannot be said that appellee's evidence was insufficient because of lack of corroboration.

Appellant argues that the trial court erred in finding she was not a fit and proper person to have the care, custody and control of the children and in awarding such care, custody and control to the ap-pellee. In her brief, appellant admits that appellee produced some rather damaging evidence as to her fitness, all of which she denied. We have no disposition to and shall not set forth any details of the evidence produced by the appellee tending to show the moral and other possible unfitness of the appellant to have the care, custody and control of her children. There was such evidence and the trial court believed and relied on it in its judgment. Appellant how-ever directs our attention to four cases which she believes support her contention that even though she may be somewhat at fault, in view of the ages of the children she should have been awarded care, custody and control of them. Without reviewing the facts therein stated, reference being made to the opinions therefor, we note that in *Brandon v. Brandon,* 14 Kan. 342, and *Harmon v. Har-mon,* 111 Kan. 786, 208 Pac. 647, at the trial of a divorce action where the wife was found to be at fault, the trial court gave custody to the wife and we affirmed. In *Janney v. Janney,* 159 Kan. 230, 154 P. 2d 131, and *Hedding v. Inman,* 172 Kan. 567, 241 P. 2d 479, the appeals arose from orders made subsequent to divorce and in which a change of custody was sought. In neither of the last two cases was there any finding that either parent was unfit. What was said in the above cases, concerning the fact that children of tender years need a mother's care, was in support of the trial court's judg-ment and not to upset it. In *Dodd v. Dodd,* 171 Kan. 46, 229 P. 2d 761, it appears that a husband was given a divorce from his wife for her fault, and the custody of a son about eleven years old was awarded to him. Three months after the decree she filed a motion to change custody of the child. Not being satisfied with the order made she appealed to this court, which said:

"It is the well settled law of this state that whether a trial court changes

the custody of a child from one parent to another, when they have been divorced, is a matter resting in its sound judicial discretion and that its action with respect to changes of such character will not be disturbed on appellate review unless the record makes it clearly appear that discretion has been abused (see *Prier v. Lancaster*, 169 Kan. 368, 219 P. 2d 358; *Kogler v. Kogler*, 163 Kan. 62, 179 P. 2d 940; *Travis v. Travis*, 163 Kan. 54, 180 P. 2d 310; *Hayn v. Hayn*, 162 Kan. 189, 175 P. 2d 127)." (l. c. 47.)

The case at bar is one where the rule that the trial court sees the parties, as well as the witnesses, observes their demeanor when testifying and has an opportunity to appraise the evidence which we do not have, must have play. There is nothing in this record to indicate the trial court did not fully exercise its duty and exercise its judicial discretion. As has been repeatedly held, an order awarding custody is not a finality—the trial court is authorized to modify or change any such order whenever the circumstances make such change proper (G. S. 1949, 60-1510) but until modified or changed the original order fixing custody stands. In our opinion the appellant's contention that the trial court erred in its award of custody of the children to the appellee cannot be sustained.

Although appellant's brief contains a contention that the trial court erred in giving the household furniture to the appellee, the record discloses that at the time of the trial the furniture was in El Dorado in possession of the appellant. At the oral argument we were advised by counsel that the furniture was destroyed by a recent flood in that city, and that the question was moot. Nothing is said about the automobile nor the amount for which it is encumbered. On the record presented we cannot say the trial court erred in giving it to the appellee.

Appellant also contends that the trial court erred in refusing to compel the appellee to pay the reasonable expenses of appellant necessary in the prosecution of her case. Although not abstracted, it was stated in appellee's brief and repeated but not denied on oral argument that shortly after the action was commenced appellee was ordered to pay the plaintiff the sum of $150 for attorney's fees and cost deposit, as well as $20 per week support money, and that those payments had been made. The evidence disclosed that appellee earned $300 per month. The value of the encumbered household furniture and 1941 automobile is not shown, but it could not have been great. There was no other property. The complaint really seems to be that on final judgment some further sum was not ordered paid. While appellant makes the broad assertion the trial

court abused its discretion, there is nothing in the record to justify the assertion. Appellant relies principally on a quotation from *Hawley v. Hawley,* 164 Kan. 176, 179, 188 P. 2d 650. It is noted that in that case the wife claimed her husband was worth $70,000, a value the trial court did not accept. The husband's worth is not definitely shown in the opinion. The trial court made an allowance of $100 and the wife complained. This court held that the amount of the allowance was in the trial court's discretion and would be reversed on review only where it was shown that the discretion had been abused. In the later case of *Thompson v. Thompson,* 168 Kan. 450, 213 P. 2d 641, we said that the trial court was allowed wide discretion in the allowance of attorney's fees in divorce actions, and unless there was an abuse of discretion the allowance would not be disturbed on appeal. The record does not disclose any abuse of discretion and the contention is not good.

Appellant's contention that the trial court erred in denying her motion for a new trial is supported by a very short argument most of which is covered by what has been said above. The only new matter is that the court erred in admitting evidence as to appellant's having some "dates" prior to the first divorce action. Assuming this evidence should not have been received, appellant makes no argument that it prejudiced her in any way—for beyond mentioning the fact the evidence was received, she makes no argument whatever. We are not disposed to hunt for a reason there was prejudicial error. It has not been made to appear the trial court erred in denying the motion for a new trial.

It follows from what has been said that the judgment of the trial court should be and it is affirmed.