No. 39,108

DON C. SMELTZER, *Appellee*, v. GERTRUDE KATHRYN SMELTZER, *Appellant*.

(262 P. 2d 826)

Opinion filed November 7, 1953.

*James R. Boyd*, of Larned, *John A. Etling* and *W. N. Beezley*, both of Kinsley, were on the brief for appellant.

*W. H. Vernon*, of Larned, was on the brief for appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This is a divorce case. On July 15, 1952, plaintiff filed his petition for divorce against his wife upon the grounds of extreme cruelty and gross neglect of duty. In due time she filed an answer in which she denied the accusations in plaintiff's petition as grounds for divorce. She also filed a cross petition for divorce against the plaintiff upon the grounds of extreme cruelty and gross neglect of duty. He filed an answer to her cross petition in which he denied the charges against him in the cross petition as grounds for divorce. On December 1, 1952, the plaintiff dismissed his petition. On January 6, 1953, the case came on for trial upon defendant's cross petition and plaintiff's answer thereto. At the close

of the evidence on behalf of defendant in support of her cross petition the trial court sustained plaintiff's demurrer thereto and rendered judgment denying her the relief sought by her cross petition. Defendant has appealed.

Defendant testified that she and the plaintiff were married at West Palm Beach, Florida, October 8, 1937. She was a graduate registered nurse and working as an operating room supervisor. The plaintiff was a technician at the base hospital. They worked at their respective professions with brief interruptions at several places and came to Larned, Kansas, in January, 1949, where they have been employed since. At the time of the trial defendant was employed as a nurse at the Kansas State Hospital at a salary of $254 per month and plaintiff was employed as a laboratory and x-ray technician at the Gleason Hospital at a salary of $525 per month. They have two children, Robert, born March 3, 1941, and Michael Don, born June 11, 1945. Before coming to Larned they accumulated some property. While living at Larned they bought some lots and built a residence thereon. Plaintiff, who is a skilled carpenter, did practically all the work, working at night and Sundays. Defendant assisted him with the painting and helped put up plaster board and do other things. There is still some work, both inside and outside, to be done. Defendant placed a value on it of $10,000.

We need not detail her testimony presented for the purpose of establishing his extreme cruelty or gross neglect of duty. It would be no kindness to the parties or their children to do so, neither would it add much, if anything, to the legal lore of the state. It is sufficient to say that much of it related to relatively trivial matters and would be wholly inadequate to support the grounds for divorce relied upon by defendant. The few circumstances which, if more particularized, might have tended to support the grounds for divorce by defendant were not corroborated by other evidence. The trial court sustained plaintiff's demurrer to her evidence for the reason that such evidence as she gave tending to support her charges was not corroborated.

Our pertinent statute G. S. 1949, 60-1509, reads: "In all actions for divorce or alimony, or for both divorce and alimony, hereafter to be tried, the parties thereto, or either of them, shall be competent to testify upon all material matters involved in the controversy to the same extent as other witnesses might do: *Provided,*

*however,* That nothing in this act shall be construed as authorizing the granting of a decree of divorce upon the uncorroborated testimony of either husband or wife, or both of them."

In *Walton v. Walton,* 166 Kan. 391, 202 P. 2d 197, it was held: "G. S. 1935 (now 1949), 60-1509, prohibits the granting of a divorce upon the uncorroborated testimony of either husband or wife, or both of them. The provision of G. S. 1935 (now 1949), 60-1509, pertaining to corroborating testimony, contains no exceptions and courts are not permitted to nullify its intendment by reading exceptions into it."

In *Frye v. Frye,* 134 Kan. 3, 4 P. 2d 415, it was held: "Under R. S. (now G. S. 1949) 60-1509 which provides, 'That nothing in this act shall be construed as authorizing the granting of a decree of divorce upon the uncorroborated testimony of either the husband or wife, or both of them,' there must be corroborating evidence of the testimony given by the complaining spouse as to the delinquencies of the defending spouse alleged as grounds for the divorce."

And in *Tuley v. Tuley,* 168 Kan. 106, 211 P. 2d 95, it was held: "Corroborating testimony must pertain to the statutory grounds upon which a divorce may be obtained and mere corroboration of indignities and abuses which do not justify a divorce is insufficient to support a decree."

This principle was referred to arguendo as early as in *May v. May,* 71 Kan. 317, 319, 80 Pac. 567, and more recently in *Thornbrugh v. Thornbrugh,* 175 Kan. 56, 57, 259 P. 2d 219.

With commendable industry counsel for appellant cite a line of cases as to what constitutes extreme cruelty. We have no fault to find with those cases but think they are inapplicable here. They also cite a line of cases where a number of instances testified to by the complaining spouse, any one of which might properly be held as sufficient to show extreme cruelty, but only a part of them had been corroborated and the court concluded the instances which were corroborated were sufficient to justify the granting of a decree. We think those cases have no application here.

The result is that the judgment of the trial court must be affirmed. It is so ordered.