No. 44,158

GEORGE W. LINDEMAN, *Appellee,* v. LOUELLA B. LINDEMAN, *Appellant.*

(404 P. 2d 958)

Opinion filed August 17, 1965.

*C. Bruce Works,* of Topeka, argued the cause, and was on the brief for the appellant.

*Leland M. Spurgeon,* of Topeka, argued the cause, and *Eugene W. Hiatt,* of Topeka, was with him on the brief for the appellee.

The following opinion was prepared by MR. JUSTICE ROBB and approved by the court during his lifetime:

This is an appeal from a final decree in a divorce action wherein a divorce was granted to both parties.

Plaintiff, George W. Lindeman, commenced the action by filing a petition against his wife, Louella B. Lindeman, praying for a divorce on the grounds of extreme cruelty and gross neglect of duty.

Thereafter, the defendant filed an answer denying the alleged grounds for divorce. She also filed a cross-petition in which she alleged the plaintiff was guilty of extreme cruelty and gross neglect of duty and prayed that she be granted a decree of separate maintenance.

The record discloses that a trial was held on December 3, 1963, at which time evidence was presented by both parties, but only a narrative statement of this evidence is contained in the record. Although no specific findings of fact were made, the trial court on December 16, 1963, entered a decree granting the plaintiff a divorce from the defendant and the defendant a divorce from the plaintiff. In addition, provision was made for attorneys' fees and for a division of certain property owned by the parties. Defendant timely filed a motion for a new trial which was considered by the trial court and overruled. This appeal was subsequently perfected.

Defendant contends the trial court erred in granting the plaintiff a divorce on the ground that no evidence was presented to corroborate his testimony.

In respect to this contention, the controlling statute, G. S. 1949, 60-1509, [K. S. A. 60-1609 (*d*)] provides:

"In all actions for divorce . . ., hereafter to be tried, the parties thereto, or either of them, shall be competent to testify upon all material matters involved in the controversy to the same extent as other witnesses might do: *Provided, however,* That nothing in this act shall be construed as authorizing the granting of a decree of divorce upon the uncorroborated testimony of either husband or wife, or both of them."

It has long been settled in this jurisdiction, in accordance with the above statute, that there must be corroborated evidence of the testimony given by the complaining spouse as to the delinquencies of the defendant spouse alleged as grounds for divorce. The principal object of corroboration is to prevent two people who are dissatisfied with the burdens of their marriage relation from obtaining relief through the courts by agreement or connivance and without legal reason. The statute contains no exceptions and courts are not permitted to nullify its intendment by reading exceptions into it. (*Frye v. Frye,* 134 Kan. 3, 4 P. 2d 415; *Walton v. Walton,* 166 Kan. 391, 202 P. 2d 197; *Thornbrugh v. Thornbrugh,* 175 Kan. 56, 259 P. 2d 219; *Smeltzer v. Smeltzer,* 175 Kan. 293, 262 P. 2d, 826; *Rosander v. Rosander,* 177 Kan. 45, 276 P. 2d 338.)

Even though it may be exceedingly difficult to obtain corroborating testimony concerning the conduct between spouses, such difficulty does not eliminate the requirement for corroboration. (*Tuley v. Tuley,* 168 Kan. 106, 211 P. 2d 95.) Of course, where an essential fact is difficult of proof the corroboration of that fact may in some cases be sufficient though weak. (*Walton v. Walton,* supra.)

In examining the record we find that no evidence was presented which satisfactorily corroborated the plaintiff's testimony. The plaintiff's son by a former marriage and daughter-in-law appeared in his behalf and testified in substance they did not feel welcome in the senior Lindeman's home. This testimony does not satisfy the corroboration requirement contained in G. S. 1949, 60-1509, for the reason that it does not pertain to the alleged grounds for divorce. In other words, there was no corroboration of the alleged acts of extreme cruelty and gross neglect of duty, the real basis for the divorce.

This court in *Walton v. Walton*, supra, at page 394 stated:

"Without indulging in an extensive review of the authorities and disclaiming an attempt to bring all decisions into perfect harmony we think it is a correct conclusion to say that in states with a corroborating statute such as ours the corroborating evidence must pertain to the grounds upon which a divorce is sought and may be obtained. . . ."

Syllabus No. 1 in *Tuley v. Tuley*, supra, provides:

"Corroborating testimony must pertain to the statutory grounds upon which a divorce may be obtained and mere corroboration of indignities and abuses which do not justify a divorce is insufficient to support a decree."

In view of the lack of corroborating evidence, we hold the trial court erred in granting the plaintiff a divorce from the defendant.

Defendant further contends the trial court erred in granting her a divorce from the plaintiff where she only asked for a decree of separate maintenance.

In this state, a wife may maintain an action for separate maintenance, independently of, and without asking for a divorce. Before an award of separate maintenance may be made, however, the trial court must find that a cause exists for which a divorce could be granted. In other words, in order for a wife to obtain an award of separate maintenance it is necessary for her to allege and prove grounds which would be sufficient for a divorce, should she ask for it. ( G. S. 1949, 60-1516 [repealed by L. 1963, ch. 303, Sec. 60-2609. See K. S. A. 60-1601.]; *Perkins v. Perkins*, 154 Kan. 73, 114 P. 2d 804; *Paul v. Paul*, 183 Kan. 201, 326 P. 2d 283.)

Defendant by asserting in her cross-petition that the plaintiff was guilty of extreme cruelty and gross neglect of duty did in fact allege sufficient grounds for a divorce; however, she specifically prayed for a decree of separate maintenance only. Despite defendant's prayer, the trial court granted her a divorce. This action of the trial court cannot be upheld.

We need not inquire into the defendant's motives in not asking for a divorce. While the particular circumstances before the court might have entitled the defendant to a divorce, since she specifically requested a decree of separate maintenance only, we hold that a divorce should not be forced upon her so as to compel her to assume the status of a divorcee against her will. Furthermore, we cannot approve a decree which, in effect, would have made inoperative the governing statute, G. S. 1949, 60-1516, to all intents and purposes.

In 3 Nelson, Divorce and Annulment, 2nd Ed., Sec. 32.39, pp. 409, 410, it is stated:

"Contrary to the rule governing divorce actions in some jurisdictions, that absolute divorce may be decreed though the plaintiff ask only for a divorce from bed and board, if a wife, not desiring a divorce, proceeds for separate maintenance the court may not decree a divorce, but is bound to decree separate maintenance only. . . ."

Our holding is consistent with the overwhelming weight of authority. See, for example, *Davis v. Davis*, 209 Ia. 1186, 229 N. W. 855; *Cawley v. Cawley*, 59 Utah 80, 202 Pac. 10; *Reed v. Reed*, 130 Mont. 409, 304 P. 2d 390 and *Daniel v. Daniel*, (Fla.) 171 So. 2d 180.

In *Thompson v. Thompson*, 168 Kan. 450, 213 P. 2d 641, this court approved the granting of a divorce to the wife even though the prayer in her cross-petition was for separate maintenance. A review of *Thompson v. Thompson*, supra, discloses it is distinguishable from the present appeal in that the wife stated on the witness stand she wanted a divorce, thereby consenting to a decree granting her an absolute divorce.

For the reasons stated, the decree of the trial court is reversed and remanded for a complete rehearing of all issues presented by the petition and cross-petition and for entry of a new decree upon the whole record according to the rights of the parties then appearing.

The judgment is reversed with directions.