No. 44,539

Dana Ann LeSueur, *Appellant,* v. James Leon LeSueur, *Appellee.*

(419 P. 2d 817)

Opinion filed November 5, 1966.

*F. C. McMaster,* of Wichita, argued the cause, and *Stanford J. Smith,* of Wichita, was with him on the briefs for the appellant.

*Milo M. Unruh,* of Wichita, argued the cause, and *Edward F. Arn, Richard F. Mullins, H. R. Kuhn* and *Louis W. Cates,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Hatcher, C.: This is an appeal from a decree of divorce granted a wife on her petition for separate maintenance.

The determination of the chief issue presented requires a consideration of only the procedural facts.

The plaintiff, in her petition, named three children and mentioned an expected fourth. She listed the assets accumulated during the marriage and alleged that the defendant had been guilty of gross neglect of duty and extreme cruelty toward her.

The prayer was for a decree of separate maintenance; custody and control of the minor children; permanent maintenance and support for herself and the minor children; permanent custody and control of the accumulated assets of the parties, and an order restraining defendant from molesting plaintiff or disposing of any of the assets of the parties.

The defendant answered denying that plaintiff was entitled to a decree of separate maintenance, but alleged in the alternative that if the court should find that the plaintiff proved one or more grounds for divorce or separate maintenance that a divorce be granted in lieu of separate maintenance. The answer was accompanied by a cross-petition in which defendant requested a divorce from plaintiff by reason of her gross neglect of duty and extreme cruelty.

In her answer to the cross-petition plaintiff generally denied the allegations but she did specifically state that she did not want a

divorce from defendant but was desirous of obtaining separate maintenance.

At the trial on the factual issues the defendant made no attempt to submit corroborating testimony in support of his allegation that plaintiff was guilty of gross neglect of duty and extreme cruelty. In fact, his own testimony indicated nothing more than incompatibility. The plaintiff testified that she did not want a divorce.

The trial court's journal entry of judgment reads in part:

". . . The court further finds that the defendant has been guilty of gross neglect of duty and extreme cruelty toward the plaintiff herein, by reason of which the plaintiff is entitled to a decree of separate maintenance or divorce from the defendant.

"THEREUPON, THE COURT inquired of the plaintiff if she desired to change her prayer for relief from one of separate maintenance from the defendant to one of divorce from the defendant and the plaintiff advised the court that she did not want a divorce from the defendant; that the relief requested of separate maintenance from the defendant was the relief she desired.

"THEREUPON, THE COURT entered the following order:

"IT IS THEREFORE BY THE COURT CONSIDERED, ORDERED, ADJUDGED AND DECREED that the plaintiff be and she is hereby granted an absolute decree of divorce from the defendant but that the parties hereto are prohibited from contracting marriage with any other person within sixty (60) days after the entry of this decree, and if an appeal is taken, then until the receipt of the Mandate from the Supreme Court of the State of Kansas."

The decree further provided for child custody and support, alimony, division of property and other formal matters which are not material to the issue to be determined.

The plaintiff has appealed.

Appellant contends that the district court was without authority to grant a party plaintiff a divorce when the prayer of the petition requested only separate maintenance and the court was informed at various stages of the trial that a divorce was not desired.

In support of her contention the appellant relies entirely on *Lindeman v. Lindeman,* 195 Kan. 357, 404 P. 2d 958. She suggests that on June 18, 1965, the time the instant action was tried in the district court, this court had not rendered its opinion in the Lindeman case (opinion filed August 17, 1965) and, therefore, the court below did not have the benefit of this court's decision on the question.

In view of the stress that is placed on the Lindeman case we quote from the opinion at some length, beginning at page 359:

"Defendant further contends the trial court erred in granting her a divorce from the plaintiff where she only asked for a decree of separate maintenance.

"In this state, a wife may maintain an action for separate maintenance, in-

dependently of, and without asking for a divorce. Before an award of separate maintenance may be made, however, the trial court must find that a cause exists for which a divorce could be granted. In other words, in order for a wife to obtain an award of separate maintenance it is necessary for her to allege and prove grounds which would be sufficient for a divorce, should she ask for it. (G. S. 1949, 60-1516 [repealed by L. 1963, ch. 303, Sec. 60-2609. See K. S. A. 60-1601]; *Perkins v. Perkins,* 154 Kan. 73, 114 P. 2d 804; *Paul v. Paul,* 183 Kan. 201, 326 P. 2d 283.)

"Defendant by asserting in her cross petition that the plaintiff was guilty of extreme cruelty and gross neglect of duty did in fact allege sufficient grounds for a divorce; however, she specifically prayed for a decree of separate maintenance only. Despite defendant's prayer, the trial court granted her a divorce. This action of the trial court cannot be upheld.

"We need not inquire into the defendant's motives in not asking for a divorce. While the particular circumstances before the court might have entitled the defendant to a divorce, since she specifically requested a decree of separate maintenance only, we hold that a divorce should not be forced upon her so as to compel her to assume the status of a divorcee against her will. Furthermore, we cannot approve a decree which, in effect, would have made inoperative the governing statute, G. S. 1949, 60-1516, to all intents and purposes.

"In 3 Nelson, Divorce and Annulment, 2nd Ed., Sec. 32.39, pp. 409, 410, it is stated:

" 'Contrary to the rule governing divorce actions in some jurisdictions, that absolute divorce may be decreed though the plaintiff ask only for a divorce from bed and board, if a wife, not desiring a divorce, proceeds for separate maintenance the court may not decree a divorce, but is bound to decree separate maintenance only. . . .'

"Our holding is consistent with the overwhelming weight of authority. See, for example, *Davis v. Davis,* 209 Ia. 1186, 229 N. W. 855; *Cawley v. Cawley,* 59 Utah 80, 202 Pac. 10; *Reed v. Reed,* 130 Mont. 409, 304 P. 2d 390; and *Daniel v. Daniel* (Fla.) 171 S. 2d 180."

The appellant suggests that the appellee in support of his cause for divorce merely stated that due to his wife's nagging he felt the legitimate ends of the marital relationship could not be achieved and he did not offer any corroborating evidence; hence the only relief possible had to favor the appellant and she requested only separate maintenance. Her conclusion is that under the Lindeman case the district court could not grant her a divorce when she specifically requested separate maintenance.

Appellee, although not taking issue with what was held in the Lindeman case, presents an entirely different theory. He states:

"Appellee submits that this appeal raises but one basic issue. That issue is: Has the law of Kansas, as stated in *Lindeman vs. Lindeman,* 195 Kan. 357, 404 P. 2d 958, with respect to the power of the District Court to grant a decree of divorce to a wife who seeks only a decree of separate maintenance from her

husband, been changed by the enactment of K. S. A. 60-1601 and the repeal of G. S. 1949, 60-1501 and 60-1516? It is Appellee's contention that K. S. A. 60-1601 has vitiated the *Lindeman* rule, and that it is now within the discretionary power of the District Courts to determine the nature of relief to be granted in any domestic relations matter presented to it."

The appellee suggests that G. S. 1949, 60-1501 and 60-1516 provided for two separate causes of action, the former for divorce by either party and the latter for separate maintenance by the wife. He further suggests that K. S. A. 60-1601, effective after January 1, 1964, vests in the discretionary power of the district court the relief to be granted to either spouse for the marital sins of the other.

We cannot agree with the suggestion of the appellee. We do not believe that such a drastic change was intended by the repeal of the former statutes and the enactment of the latter.

Considering briefly the two pertinent sections as they existed before the new code came into effect we find that G. S. 1949, 60-1501 provides:

"The district court may grant a divorce for any of the following causes: . . ." (The various grounds were then numbered and stated.)

It will be noted that under this section there is no limitation either on the husband or the wife, either may bring the action. The section anticipates, however, that the district court will not take action to grant a divorce until a proper petition is filed requesting relief.

G. S. 1949, 60-1516 provided for separate maintenance in the following language:

"The wife may obtain alimony from the husband without a divorce, in an action brought for that purpose in the district court, for any of the causes for which a divorce may be granted. . . ."

It will be noted from the language in this section that although the relief provided in both sections depends on the same grounds, the relief is made available only to the wife. An action for separate maintenance could not be prosecuted by the husband. (*Somers v. Somers*, 39 Kan. 132, 17 Pac. 841.) It was no doubt for this reason that the relief was placed in a section separate from divorce.

Under the policy of the new code the right to separate maintenance was to be granted to both husband and wife and as the grounds for relief were the same they were placed in a single section. The new section, K. S. A. 60-1601, provides:

"The district court may grant a decree of divorce or separate maintenance for any of the following causes: . . ." (The various grounds were then numbered and stated.)

Although the section provides that the judge may grant a decree of divorce or separate maintenance the section anticipates that the judge will not take action to grant the decree until a proper petition is filed requesting relief. An action for divorce and separate maintenance constituted separate causes of action under the two sections of the old code and they still constitute separate causes of action under the single section of the new code.

The fact that an action for divorce and an action for separate maintenance constitute two separate causes of action is well demonstrated by the fact that the jurisdictional requirements are not the same. The section of the statute dealing with residence (K. S. A. 60-1603) provides in part:

"The plaintiff in an action for divorce must have been an actual resident of the state for one year next preceding the filing of the petition."

There is no resident requirement for a plaintiff in an action for separate maintenance. This court in construing a similar provision (G. S. 1949, 60-1502 and 60-1516) held that a wife could prosecute an action for separate maintenance without being a resident for a year. (*Litowich v. Litowich,* 19 Kan. 451; *McCormick v. McCormick,* 82 Kan. 31, 52, 107 Pac. 546.) The legislature would not require a one year residence as a prerequisite to an action for a divorce and at the same time permit an action for separate maintenance to be a vehicle for the district judge to grant a decree of divorce on a lesser time of residence. It will not be presumed that the legislature intended contradictory statutes. (*Kimminau v. Common School District,* 170 Kan. 124, 223 P. 2d 689.)

The Constitution of the State of Kansas, Art. 2, Sec. 18, provides:

"All power to grant divorces, is vested in the district courts, subject to regulation by law."

Under this provision the courts have jurisdiction of the subject matter—the granting of the divorce, but the legislature has the authority to regulate the procedure. (*Jamison v. Flanner, Sheriff,* 116 Kan. 624, 645, 228 Pac. 82; *Conway v. Conway,* 130 Kan. 848, 850, 288 Pac. 566; *Patterson v. Patterson,* 164 Kan. 501, 503, 190 P. 2d 887.) The legislature has imposed the methods under which the bonds of matrimony may be terminated. The judiciary does not have authority to amend the statute by reading into it some-

thing that is not there. Courts should not judicially legislate to broaden the plain letter of statute. (*State v. One Bally Coney Island No. 21011 Gaming Table*, 174 Kan. 757, 258 P. 2d 225; *State, ex rel., v. City of Kansas City*, 181 Kan. 870, 317 P. 2d 806; *Tilton v. Riley County*, 194 Kan. 250, 398 P. 2d 287.)

The only procedural discretion which we find to have been granted to the judiciary as to the procedure for obtaining a divorce is to be found in K. S. A. 60-1606:

"When the parties are found to be in equal fault, the court may grant or refuse a divorce. In either event the court may make any of the orders authorized by section 60-1610 except the restoration of a maiden name if the divorce is refused. If a decree of divorce, separate maintenance or annulment is denied other than for the equal fault of the parties the court may nevertheless make any of the orders authorized by this section for the benefit of the minor children of the parties or for the equitable division of the property of the parties."

Had the legislature intended to grant to the district court the discretionary right to grant a divorce on a petition for separate maintenance it would have made it as equally clear. The direct mention of this discretionary authority implies exclusion of any other implied authority. The general rule is thus stated in 82 C. J. S., Statutes, § 333 a, p. 668:

"Under the general rule of express mention and implied exclusion, the express mention of one matter excludes other similar matters not mentioned; every positive direction in a statute contains an implication against everything contrary to it; the specification of one particular class excludes all other classes; *and an affirmative description of powers granted implies a denial of non-described powers. . . .*"

We are forced to conclude that K. S. A. 60-1601 did not change the law as it was announced in *Lindeman v. Lindeman,* supra, and the district judge was without authority to grant the plaintiff, who had petitioned for separate maintenance, a divorce, over her objection.

The appellant asks that we reverse the case and enter an order for separate maintenance and that we review the nature and amount of the alimony decreed appellant. This we decline to do. It is clear that the trial court tried the case and entered his decree on an erroneous theory of the law. Many of the matters affected by the decree are in the sound discretion of the trial court. We should not reverse the decree of the trial judge and then attempt to usurp his discretionary powers.

The judgment is reversed and the case is remanded with instructions to proceed in accordance with the views expressed herein, either upon the record as now made or upon such amended pleadings and such further evidence as either party may desire to submit.

APPROVED BY THE COURT.